WHATLEY, Acting Chief Judge.
The parents appeal the order terminating their rights to S.N.S. The father’s arguments are without merit because he executed a surrender of his rights to the child. The order must be reversed as to the mother, however, because the record contains no evidence that she was served with notice of the arraignment hearing at which a default adjudication of dependency was entered against her.
In addition to extensive findings regarding the best interest of the child, the trial court found “that the mother has abandoned her child by failing to abide by the case plan tasks required of her.” The mother asserts that in making this finding, the trial court by necessity relied upon the prior adjudication of dependency because the statutory provision for termination based on a failure to comply with a case plan requires an adjudication of dependency. § 89.464(1)©, Fla. Stat. (1997). The mother contends that the dependency adjudication was faulty due to the fact that she was not advised of her right to 'counsel because she was not at the arraignment hearing at which the adjudication was entered. She asserts that she was not at the hearing because she was not served with the summons, which in fact contains a notation of “non-service no contact 12-19-94.” The summons for the father contains a like notation and the same address, and he did appear at the arraignment hearing. The trial court stated in the dependency order that the father advised the court that the mother was aware of the hearing but was too embarrassed to attend. Con *62 sequently, the court entered a default against the mother.
The trial court erred in defaulting the mother upon the father’s representations regarding her knowledge of the hearing. Oral notice is insufficient to satisfy the notice requirements of section 39.405(15), Florida Statutes (1997). In In the Interest of E.L., I.L., and K.L., 732 So.2d 37 (Fla. 2d DCA 1999), this court held that oral notice is insufficient to satisfy section 39.462(l)(a), which sets forth the same requirements for the notice to appear as section 39.405(15) but in the termination context. This holding was based on the fact that section 39.462(l)(a) refers to a document containing the notice to appear. Section 39.405(15) also refers to a document. Thus, section 39.405(15) also requires written notice.
Because the dependency adjudication was entered upon the mother’s failure to appear at the arraignment hearing and was used as a basis for the termination order, the failure to serve the mother with notice of the arraignment hearing, at which hearing she would have been notified of her right to counsel, was not harmless error. See Wofford v. Eid, 671 So.2d 859 (Fla. 4th DCA 1996).
Accordingly, we affirm the order of termination as it relates to the father but reverse as it relates to the mother. Custody of the child shall not by reason of this opinion be changed, but the dependency process leading to any termination of the mother’s rights shall be conducted in accordance with required procedures.
NORTHCUTT and DAVIS, JJ., Concur.