741 So.2d 1184 (1999)
In the Interest of T.R.F.
K.A.B., Appellant,
v.
Florida Department Of Children And Families and Marilyn Miller, Guardian ad Litem, Appellees.
No. 98-03128.
District Court of Appeal of Florida, Second District.
September 17, 1999.
*1185 Virginia R. Vetter, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dyann W. Beaty, Assistant Attorney General, Tampa, for Appellee Department of Children and Families.
Raymond T. Elligett of Schropp, Buell & Elligett, Tampa, for Appellee Guardian ad Litem.
PER CURIAM.
K.A.B., the father, appeals an order terminating his parental rights. We reverse because the trial court did not comply with section 39.464, Florida Statutes (1995), in terminating his parental rights.
The trial court did not specifically note the provision in section 39.464, upon which it based the termination. Section 39.464 provides that parental rights may be terminated in several situations, only three of which could possibly apply here. First, parental rights may be terminated when the parent engages in conduct toward the child that demonstrates that the continuing involvement of the parent threatens the life or well-being of the child despite the provision of services. See § 39.464(1)(c). "Provision of services is *1186 evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency." Id. We conclude that this subsection does not support termination of the father's parental rights because a case plan was not offered to him.
Second, parental rights may be terminated when the parent engages in egregious conduct that endangers the life, health, or safety of the child, or the parent had the opportunity and capability to prevent such conduct and knowingly failed to do so. See § 39.464(1)(d). Here, the trial court did not find that the father engaged in such egregious conduct, and therefore, we conclude that this subsection does not apply to the termination.
Third, parental rights may be terminated when the child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents. See § 39.464(1)(e). It is error to rely on a deficient dependency proceeding and related case plan as a basis for termination under this subsection. See Wofford v. Eid, 671 So.2d 859, 863 (Fla. 4th DCA 1996).
The father argues that he was not served with notice of the arraignment hearing at which a default adjudication of dependency was entered against him, and therefore, it could not be relied upon in terminating his parental rights. We agree. In In the Interest of S.N.S., ___ So.2d ___, 1999 WL 641448, Case No. 98-04297 (Fla. 2d DCA Aug. 25, 1999), this court held, "Because the dependency adjudication was entered upon the mother's failure to appear at the arraignment hearing and was used as a basis for the termination order, the failure to serve the mother with notice of the arraignment hearing, at which hearing she would have been notified of her right to counsel, was not harmless error."
We note that section 39.405(8) provides, "It is not necessary to the validity of a proceeding ... that the parents ... be present if their identity or residence is unknown after a diligent search has been made, but in this event the petitioner shall file an affidavit of diligent search." Section 39.4051(6) defines a diligent search as "inquiries of all relatives of the parent or prospective parent made known to the petitioner, inquiries of all offices of program areas of the department likely to have information about the parent or prospective parent, inquiries of other state and federal agencies likely to have information about the parent or prospective parent, inquiries of appropriate utility and postal providers, and inquiries of appropriate law enforcement agencies."
In the present case, there are two affidavits of diligent searches in the record. The first affidavit states the mother did not know where the father was located, and neither GTE nor central booking had a listing for the father. The second affidavit adds that the city directory did not have a listing for the father and that maternal relatives did not know his location.
We conclude that neither affidavit complied with the requirements of section 39.4051(6). The affiant did not check the offices of the department likely to have information about the father, other state and federal agencies likely to have information about the father, utility and postal providers, or appropriate law enforcement agencies. Regardless, the affiant did not search for the father using his correct name. Therefore, we conclude that, because the father never received a case plan and never received notice of the arraignment hearing, the trial court could not rely on section 39.464(1)(e) in terminating the father's parental rights.
Accordingly, we reverse the order terminating the father's parental rights and remand for further proceedings consistent with this opinion.
FULMER, A.C.J., and WHATLEY and DAVIS, JJ., Concur.